**GWENDOLYN E. HUNT, ATTORNEY**
2010 N. Hampton Rd., Ste. 400
Desoto, TX 75115

Bar Number: 18267
Phone: (214) 330-4465

# IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | | |
|---|---|---|---|
| In re: **James Craig Ryno** | xxx-xx-8729 | § | Case No: |
| 3201 Southshore Court | | § | |
| Midlothian, TX 76065 | | § | Date: **5/3/2019** |
| | | § | Chapter 13 |
| | | § | |
| **Debra M. Ryno** | xxx-xx-6469 | | |
| 3201 Southshore Court | | | |
| Midlothian, TX 76065 | | | |

Debtor(s)

### DEBTOR'S(S') CHAPTER 13 PLAN
### (CONTAINING A MOTION FOR VALUATION)

#### DISCLOSURES

☑ This *Plan* does not contain any *Nonstandard Provisions.*

☐ This *Plan* contains *Nonstandard Provisions* listed in Section III.

☐ This *Plan* does not limit the amount of a secured claim based on a valuation of the *Collateral* for the claim.

☑ This *Plan* does limit the amount of a secured claim based on a valuation of the *Collateral* for the claim.

This *Plan* does not avoid a security interest or lien.

Language in italicized type in this *Plan* shall be as defined in the "General Order 2017-01, Standing Order Concerning Chapter 13 Cases" and as it may be superseded or amended ("General Order"). All provisions of the General Order shall apply to this *Plan* as if fully set out herein.

Page 1

| | | | |
|---|---|---|---|
| Plan Payment: **$4,185.00** | Value of Non-exempt property per § 1325(a)(4): | **$207.00** | |
| Plan Term: **60 months** | Monthly Disposable Income per § 1325(b)(2): | **$0.00** | |
| Plan Base: **$251,100.00** | Monthly Disposable Income x ACP ("UCP"): | **$0.00** | |
| Applicable Commitment Period: **60 months** | | | |

Case No:
Debtor(s):  **James Craig Ryno**
　　　　　　　**Debra M. Ryno**

**MOTION FOR VALUATION**

Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. § 506(a) and § 1325(a)(5) and for purposes of determination of the amounts to be distributed to holders of secured claims who do not accept the *Plan, Debtor(s)* hereby move(s) the Court to value the *Collateral* described in Section I, Part E.(1) and Part F of the *Plan* at the lesser of the value set forth therein or any value claimed on the proof of claim.  Any objection to valuation shall be filed at least seven (7) days prior to the date of the *Trustee's* pre-hearing conference regarding Confirmation or shall be deemed waived.

**SECTION I**
**DEBTOR'S(S') CHAPTER 13 PLAN - SPECIFIC PROVISIONS**
**FORM REVISED 7/1/17**

A.  **PLAN PAYMENTS:**

　　　　　*Debtor(s)* propose(s) to pay to the *Trustee* the sum of:

　　　　　**$4,185.00**  per month, months ___**1**___ to ___**60**___ .

　　　　　For a total of ___**$251,100.00**___ (estimated "*Base Amount*").

　　　　　First payment is due ___**6/2/2019**___ .

　　　　　The applicable commitment period ("ACP") is ___**60**___ months.

　　　　　Monthly Disposable Income ("DI") calculated by *Debtor(s)* per § 1325(b)(2) is: ___**$0.00**___ .

　　　　　The Unsecured Creditors' Pool ("UCP"), which is DI x ACP, as estimated by the Debtor(s), shall be no less than:
　　　　　___**$0.00**___ .

　　　　　*Debtor's(s')* equity in non-exempt property, as estimated by *Debtor(s)* per § 1325(a)(4), shall be no less than:
　　　　　___**$207.00**___ .

B.  **STATUTORY, ADMINISTRATIVE AND DSO CLAIMS:**

　　　1.  **CLERK'S FILING FEE:**  Total filing fees paid through the *Plan*, if any, are ___**$0.00**___ and shall be paid in full prior to disbursements to any other creditor.

　　　2.  **STATUTORY TRUSTEE'S PERCENTAGE FEE(S) AND NOTICING FEES:**  *Trustee's Percentage Fee(s)* and any noticing fees shall be paid first out of each receipt as provided in General Order 2017-01 (as it may be superseded or amended) and 28 U.S.C. § 586(e)(1) and (2).

　　　3.  **DOMESTIC SUPPORT OBLIGATIONS:**  The *Debtor* is responsible for paying any Post-petition Domestic Support Obligation directly to the DSO claimant.  Pre-petition Domestic Support Obligations per Schedule "E/F" shall be paid in the following monthly payments:

| DSO CLAIMANTS | SCHED. AMOUNT | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT $__ PER MO. |
|---|---|---|---|---|
| | | | | |

C.  **ATTORNEY FEES:**  To ___**GWENDOLYN E. HUNT**___ , total:  ___**$3,700.00**___ ;
　　　___**$1,000.00**___ Pre-petition;  ___**$2,700.00**___ disbursed by the *Trustee*.

Case No:
Debtor(s): **James Craig Ryno**
 **Debra M. Ryno**

**D.(1) PRE-PETITION MORTGAGE ARREARAGE:**

| MORTGAGEE | SCHED. ARR. AMT | DATE ARR. THROUGH | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|---|
| **Gateway Mortgage Grp**<br>**3201 Southshore Ct.** | **$24,549.39** | **5/19** | **0.00%** | **Month(s) 1-60** | **Pro-Rata** |

**D.(2) CURRENT POST-PETITION MORTGAGE PAYMENTS DISBURSED BY THE TRUSTEE IN A CONDUIT CASE:**

| MORTGAGEE | # OF PAYMENTS PAID BY TRUSTEE | CURRENT POST-PETITION MORTGAGE PAYMENT AMOUNT | FIRST CONDUIT PAYMENT DUE DATE (MM-DD-YY) |
|---|---|---|---|
| **Gateway Mortgage Grp**<br>**3201 Southshore Ct.** | **58 month(s)** | **$2,997.00** | **8/19** |

**D.(3) POST-PETITION MORTGAGE ARREARAGE:**

| MORTGAGEE | TOTAL AMT. | DUE DATE(S) (MM-DD-YY) | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|---|
| **Gateway Mortgage Grp**<br>**3201 Southshore Ct.** | **$5,994.00** | **06/19-07/19** | **0.00%** | **Month(s) 1-60** | **Pro-Rata** |

**E.(1) SECURED CREDITORS - PAID BY THE TRUSTEE:**

A.

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT Per Mo. |
|---|---|---|---|---|---|
| | | | | | |

B.

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | % | | TREATMENT Pro-rata |
|---|---|---|---|---|---|
| **Chrysler Capital**<br>**2008 Chevrolet Silverado PU (approx. 109** | **$9,325.00** | **$9,000.00** | **6.50%** | | **Pro-Rata** |
| **Lawson Farms HOA**<br>**3201 Southshore Ct.** | **$891.00** | **$891.00** | **0.00%** | | **Pro-Rata** |
| **Syncb/hhgreg**<br>**Furniture** | **$3,771.00** | **$3,771.00** | **0.00%** | | **Pro-Rata** |

To the extent the value amount in E.(1) is less than the scheduled amount in E.(1), the creditor may object. In the event a creditor objects to the treatment proposed in paragraph E.(1), the *Debtor(s)* retain(s) the right to surrender the *Collateral* to the creditor in satisfaction of the creditor's claim.

**E.(2) SECURED 1325(a)(9) CLAIMS PAID BY THE TRUSTEE - NO CRAM DOWN:**

A.

| CREDITOR / COLLATERAL | SCHED. AMT. | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT Per Mo. |
|---|---|---|---|---|
| | | | | |

Case No:
Debtor(s): **James Craig Ryno**
**Debra M. Ryno**

B.

| CREDITOR / COLLATERAL | SCHED. AMT. | % | | TREATMENT Pro-rata |
|---|---|---|---|---|
| | | | | |

The valuation of *Collateral* set out in E.(1) and the interest rate to be paid on the above scheduled claims in E.(1) and E.(2) will be finally determined at confirmation. The allowed claim amount will be determined based on a timely filed proof of claim and the *Trustee's Recommendation Concerning Claims* ("TRCC") or by an order on an objection to claim.

Absent any objection to the treatment described in E.(1) or E.(2), the creditor(s) listed in E.(1) and E.(2) shall be deemed to have accepted the *Plan* per section 1325(a)(5)(A) of the Bankruptcy Code and to have waived its or their rights under section 1325(a)(5)(B) and (C) of the Bankruptcy Code.

**F.** **SECURED CREDITORS - COLLATERAL TO BE SURRENDERED:**

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | TREATMENT |
|---|---|---|---|
| | | | |

Upon confirmation, pursuant to 11 U.S.C. § 1322(b)(8), the surrender of the *Collateral* described herein will provide for the payment of all or part of a claim against the *Debtor(s)* in the amount of the value given herein.

The valuation of *Collateral* in F will be finally determined at confirmation. The allowed claim amount will be determined based on a timely filed proof of claim and the *Trustee's Recommendation Concerning Claims* ("TRCC") or by an order on an objection to claim.

The *Debtor(s)* request(s) that the automatic stay be terminated as to the surrendered *Collateral*. If there is no objection to the surrender, the automatic stay shall terminate and the *Trustee* shall cease disbursements on any secured claim which is secured by the *Surrendered Collateral*, without further order of the Court, on the 7th day after the date the *Plan* is filed. However, the stay shall not be terminated if the *Trustee* or affected secured lender files an objection in compliance with paragraph 8 of the General Order until such objection is resolved.

Nothing in this *Plan* shall be deemed to abrogate any applicable non-bankruptcy statutory or contractual rights of the *Debtor(s)*.

**G.** **SECURED CREDITORS - PAID DIRECT BY DEBTOR:**

| CREDITOR | COLLATERAL | SCHED. AMT. |
|---|---|---|
| | | |

**H.** **PRIORITY CREDITORS OTHER THAN DOMESTIC SUPPORT OBLIGATIONS:**

| CREDITOR | SCHED. AMT. | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|
| Internal Revenue Service | $3,313.76 | Month(s) 1-60 | Pro-Rata |

**I.** **SPECIAL CLASS:**

| CREDITOR | SCHED. AMT. | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|
| | | | |

JUSTIFICATION: _____

_____

**J.** **UNSECURED CREDITORS:**

| CREDITOR | SCHED. AMT. | COMMENT |
|---|---|---|
| Acceptance Now | $1,791.00 | |
| AR Resources, Inc. | $283.19 | |
| Arronrnts | $801.00 | |
| Arronrnts | $380.00 | |
| Barry Bass, MD | $1,337.88 | |

Case No:
Debtor(s): **James Craig Ryno**
         **Debra M. Ryno**

| | | |
|---|---|---|
| **Baylor Heart and Vascular Hospital** | $12,789.78 | |
| **Capital One Auto Finance** | $3,372.00 | |
| **CBS** | $560.35 | |
| **CBS** | $200.00 | |
| **CBS** | $4,185.21 | |
| **CBS** | $349.10 | |
| **CBS** | $9,031.78 | |
| **CBS** | $3,622.00 | |
| **CBS** | $136.00 | |
| **Center for Scoliosis Advance Spine** | $0.00 | |
| **Chrysler Capital** | $325.00 | **Unsecured portion of the secured debt (Bifurcated)** |
| **Citibank/The Home Depot** | $3,270.00 | |
| **City of Weatherford** | $715.01 | |
| **Comenity Bank/Lane Bryant** | $451.00 | |
| **Credit Management Lp** | $282.00 | |
| **Credit Management Lp** | $195.00 | |
| **Credit One Bank** | $1,254.01 | |
| **Credit One Bank** | $0.00 | |
| **Credit Systems Intl In** | $1,883.00 | |
| **Credit Systems Intl In** | $375.00 | |
| **Credit Systems Intl In** | $157.00 | |
| **DHS** | $5,908.11 | |
| **DHS** | $150.00 | |
| **DHS** | $427.23 | |
| **DHS** | $200.00 | |
| **Doctors Reporting Service of TX,** | $200.00 | |
| **DRS** | $2,551.60 | |
| **Enhanced Recovery Corp** | $1,133.00 | |
| **Enhanced Recovery Corp** | $319.00 | |
| **First Premier Bank** | $0.00 | |
| **First Premier Bank** | $527.00 | |
| **GECRB/Care Credit** | $667.00 | |
| **Guardian Healthcare-Waxahachie** | $1,065.96 | |
| **Harley Davidson Financial** | $760.00 | |
| **Harris** | $4,185.00 | |
| **Health Texas Provider Network** | $80.00 | |
| **HRRG** | $211.84 | |
| **HSBC** | $660.00 | |
| **IC System** | $928.00 | |
| **IC System** | $97.00 | |
| **ID Partners** | $259.90 | |
| **Integrity Solution Svc** | $53.00 | |
| **John C. Mallioc & Assoc.** | $815.24 | |
| **Laboratory Physicians Associates** | $8.93 | |
| **Laboratory Physicians Associates** | $19.16 | |

Case No:
Debtor(s):  **James Craig Ryno**
            **Debra M. Ryno**

| | |
|---|---:|
| **Mabt - Genesis Retail** | $2,732.00 |
| **Mabt - Genesis Retail** | $2,542.00 |
| **Methodist Health System** | $6,229.55 |
| **Methodist Mansfiled Medical Ctr.** | $4,273.55 |
| **Methodist Mansfiled Medical Ctr.** | $1,956.00 |
| **Methodist Medical Group** | $7.72 |
| **Methodist Medical Group** | $2,442.01 |
| **Midland Credit Management** | $1,481.63 |
| **Midland Credit Management** | $2,171.03 |
| **Midland Credit Management** | $2,315.68 |
| **Midland Funding** | $868.00 |
| **Midland Funding** | $397.00 |
| **My Clinic** | $150.17 |
| **Okinus, Inc.** | $681.00 |
| **Paramount Recovery Sys** | $360.00 |
| **Radiology Associates of N. Texas** | $92.46 |
| **RCS** | $48,844.10 |
| **RentDebt Automated Collections** | $444.00 |
| **Rushmore Service Center** | $609.33 |
| **Santander Consumer Usa** | $981.00 |
| **Southwest Credit** | $164.51 |
| **Stellar Recovery** | $138.00 |
| **Syncb/hhgreg** | $2,171.00 |
| **Synchrony Bank** | $628.11 |
| **Synerprise Consulting Services, Inc** | $96.00 |
| **Tel- Check** | $224.80 |
| **Terminix** | $0.00 |
| **Texas Physican Resources, LLP** | $199.12 |
| **Texas Physicans Resources, LLP** | $268.85 |
| **Texas Physicans Resources, LLP** | $199.12 |
| **Texas Physicans Resources, LLP** | $53.77 |
| **Txu Electric/TXU Energy** | $96.00 |
| **United Revenue Corp** | $284.00 |
| **USMD Hospital of Arlington** | $6,485.34 |
| **Verizon** | $642.00 |
| **Waxahachie Family Denistry** | $209.14 |
| **Western Shamrock Corporation** | $406.00 |
| **Westlake Financial Svc** | $4,525.00 |
| TOTAL SCHEDULED UNSECURED: | $165,342.27 |

The *Debtor's(s')* estimated (but not guaranteed) payout to unsecured creditors based on the scheduled amount is _____ **0%** _____.

General unsecured claims will not receive any payment until after the order approving the TRCC becomes final.

Case No:
Debtor(s): **James Craig Ryno**
**Debra M. Ryno**

## K. EXECUTORY CONTRACTS AND UNEXPIRED LEASES:

| § 365 PARTY | ASSUME/REJECT | CURE AMOUNT | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|
| | | | | |

**SECTION II**
**DEBTOR'S(S') CHAPTER 13 PLAN - GENERAL PROVISIONS**
**FORM REVISED 7/1/17**

### A. SUBMISSION OF DISPOSABLE INCOME:

*Debtor(s)* hereby submit(s) future earnings or other future income to the *Trustee* to pay the *Base Amount.*

### B. ADMINISTRATIVE EXPENSES, DSO CLAIMS & PAYMENT OF TRUSTEE'S STATUTORY PERCENTAGE FEE(S) AND NOTICING FEES:

The Statutory Percentage Fees of the *Trustee* shall be paid in full pursuant to 11 U.S.C. §§ 105(a), 1326(b)(2), and 28 U.S.C. § 586(e)(1)(B). The *Trustee* is authorized to charge and collect Noticing Fees as indicated in Section I, Part "B" hereof.

### C. ATTORNEY FEES:

*Debtor's(s')* Attorney Fees totaling the amount indicated in Section I, Part C, shall be disbursed by the *Trustee* in the amount shown as "Disbursed By The Trustee" pursuant to this *Plan* and the ***Debtor's(s')*** Authorization for Adequate Protection Disbursements ("*AAPD*"), if filed.

### D.(1) PRE-PETITION MORTGAGE ARREARAGE:

The Pre-Petition *Mortgage Arrearage* shall be paid by the *Trustee* in the allowed pre-petition arrearage amount and at the rate of interest indicated in Section I, Part D.(1). To the extent interest is provided, it will be calculated from the date of the Petition. The principal balance owing upon confirmation of the *Plan* on the allowed pre-petition *Mortgage Arrearage* amount shall be reduced by the total adequate protection less any interest (if applicable) paid to the creditor by the *Trustee.* Such creditors shall retain their liens.

### D.(2) CURRENT POST-PETITION MORTGAGE PAYMENTS DISBURSED BY TRUSTEE IN A CONDUIT CASE:

*Current Post-Petition Mortgage Payment(s)* shall be paid by the *Trustee* as indicated in Section I, Part D.(2), or as otherwise provided in the General Order.

The *Current Post-Petition Mortgage Payment(s)* indicated in Section I, Part D.(2) reflects what the *Debtor(s)* believe(s) is/are the periodic payment amounts owed to the *Mortgage Lender* as of the date of the filing of this *Plan.* Adjustment of the *Plan Payment* and *Base Amount* shall be calculated as set out in the General Order, paragraph 15(c)(3).

Payments received by the *Trustee* for payment of the *Debtor's Current Post-Petition Mortgage Payment(s)* shall be deemed adequate protection to the creditor.

Upon completion of the *Plan, Debtor(s)* shall resume making the *Current Post-Petition Mortgage Payments* required by their contract on the due date following the date specified in the *Trustee's* records as the date through which the *Trustee* made the last *Current Post-Petition Mortgage Payment.*

Unless otherwise ordered by the Court, and subject to Bankruptcy Rule 3002.1(f)-(h), if a *Conduit Debtor* is current on his/her *Plan Payments* or the payment(s) due pursuant to any wage directive, the *Mortgage Lender* shall be deemed current post-petition.

### D.(3) POST-PETITION MORTGAGE ARREARAGE:

The *Post-Petition Mortgage Arrearage* shall be paid by the *Trustee* in the allowed amount and at the rate of interest indicated in Section I, Part D.(3). To the extent interest is provided, it will be calculated from the date of the Petition.

*Mortgage Lenders* shall retain their liens.

Case No:
Debtor(s):  **James Craig Ryno**
             **Debra M. Ryno**

### E.(1)    SECURED CLAIMS TO BE PAID BY TRUSTEE:

The claims listed in Section I, Part E.(1) shall be paid by the *Trustee* as secured to the extent of the lesser of the allowed claim amount (per a timely filed Proof of Claim not objected to by a party in interest) or the value of the *Collateral* as stated in the *Plan*. Any amount claimed in excess of the value shall automatically be split and treated as unsecured as indicated in Section I, Part H or J, per 11 U.S.C. § 506(a). Such creditors shall retain their liens on the *Collateral* described in Section I, Part E.(1) as set out in 11 U.S.C. § 1325(a)(5)(B)(I) and shall receive interest at the rate indicated from the date of confirmation or, if the value shown is greater than the allowed claim amount, from the date of the Petition, up to the amount by which the claim is over-secured.  The principal balance owing upon confirmation of the *Plan* on the allowed secured claim shall be reduced by the total of adequate protection payments less any interest (if applicable) paid to the creditor by the *Trustee*.

### E.(2)    SECURED 1325(a)(9) CLAIMS TO BE PAID BY THE TRUSTEE--NO CRAM DOWN:

Claims in Section I, Part E.(2) are either debts incurred within 910 days of the *Petition Date* secured by a purchase money security interest in a motor vehicle acquired for the personal use of the *Debtor(s)* or debts incurred within one year of the *Petition Date* secured by any other thing of value.

The claims listed in Section I, Part E.(2) shall be paid by the *Trustee* as fully secured to the extent of the allowed amount (per a timely filed Proof of Claim not objected to by a party in interest).  Such creditors shall retain their liens on the *Collateral* described in Section I, Part E.(2) until the earlier of the payment of the underlying debt determined under non-bankruptcy law or a discharge under § 1328 and shall receive interest at the rate indicated from the date of confirmation.  The principal balance owing upon confirmation of the *Plan* on the allowed secured claim shall be reduced by the total of adequate protection payments paid to the creditor by the *Trustee*.

To the extent a secured claim not provided for in Section I, Part D, E.(1) or E.(2) is allowed by the Court, *Debtor(s)* will pay the claim direct per the contract or statute.

Each secured claim shall constitute a separate class.

### F.    SATISFACTION OF CLAIM BY SURRENDER OF COLLATERAL:

The claims listed in Section I, Part F shall be satisfied as secured to the extent of the value of the *Collateral*, as stated in the *Plan*, by surrender of the *Collateral* by the *Debtor(s)* on or before confirmation.  Any amount claimed in excess of the value of the *Collateral*, to the extent it is allowed, shall be automatically split and treated as indicated in Section I, Part H or J, per 11 U.S.C. § 506(a).

Each secured claim shall constitute a separate class.

### G.    DIRECT PAYMENTS BY DEBTOR(S):

Payments on all secured claims listed in Section I, Part G shall be disbursed by the *Debtor(s)* to the claimant in accordance with the terms of their agreement or any applicable statute, unless otherwise provided in Section III, "Nonstandard Provisions."

No direct payment to the IRS from future income or earnings in accordance with 11 U.S.C. § 1322(a)(1) will be permitted.

Each secured claim shall constitute a separate class.

### H.    PRIORITY CLAIMS OTHER THAN DOMESTIC SUPPORT OBLIGATIONS:

Failure to object to confirmation of this *Plan* shall not be deemed acceptance of the "SCHED. AMT." shown in Section I, Part H. The claims listed in Section I, Part H shall be paid their allowed amount by the *Trustee*, in full, pro-rata, as priority claims, without interest.

### I.    CLASSIFIED UNSECURED CLAIMS:

Classified unsecured claims shall be treated as allowed by the Court.

### J.    GENERAL UNSECURED CLAIMS TIMELY FILED:

All other allowed claims not otherwise provided for herein shall be designated general unsecured claims.

Case No:
Debtor(s): **James Craig Ryno**
**Debra M. Ryno**

---

**K.  EXECUTORY CONTRACTS AND UNEXPIRED LEASES:**

As provided in § 1322(b)(7) of the Bankruptcy Code, the *Debtor(s)* assume(s) or reject(s) the executory contracts or unexpired leases with parties as indicated in Section I, Part K.

Assumed lease and executory contract arrearage amounts shall be disbursed by the *Trustee* as indicated in Section I, Part K.

**L.  CLAIMS TO BE PAID:**

"TERM (APPROXIMATE)" as used in this *Plan* states the estimated number of months from the *Petition Date* required to fully pay the allowed claim.  If adequate protection payments have been authorized and made, they will be applied to principal as to both under-secured and fully secured claims and allocated between interest and principal as to over-secured claims.  Payment pursuant to this *Plan* will only be made on statutory, secured, administrative, priority and unsecured claims that are allowed or, pre-confirmation, that the *Debtor(s)* has/have authorized in a filed Authorization for Adequate Protection Disbursements.

**M.  ADDITIONAL PLAN PROVISIONS:**

Any additional *Plan* provisions shall be set out in Section III, "Nonstandard Provisions."

**N.  POST-PETITION NON-ESCROWED AD VALOREM (PROPERTY) TAXES AND INSURANCE:**

Whether the *Debtor* is a *Conduit Debtor* or not, if the regular payment made by the *Debtor* to a *Mortgage Lender* or any other lienholder secured by real property does not include an escrow for the payment of ad valorem (property) taxes or insurance, the *Debtor* is responsible for the timely payment of post-petition taxes directly to the tax assessor and is responsible for maintaining property insurance as required by the mortgage security agreement, paying all premiums as they become due directly to the insurer.  If the *Debtor* fails to make these payments, the mortgage holder may, but is not required to, pay the taxes and/or the insurance.  If the mortgage holder pays the taxes and/or insurance, the mortgage holder may file, as appropriate, a motion for reimbursement of the amount paid as an administrative claim or a *Notice of Payment Change by Mortgage Lender* or a *Notice of Fees, Expenses, and Charges.*

**O.  CLAIMS NOT FILED:**

A claim not filed with the Court will not be paid by the *Trustee* post-confirmation regardless of its treatment in Section I or on the *AAPD.*

**P.  CLAIMS FOR PRE-PETITION NON-PECUNIARY PENALTIES, FINES, FORFEITURES, MULTIPLE, EXEMPLARY OR PUNITIVE DAMAGES:**

Any unsecured claim for a non-pecuniary penalty, fine, or forfeiture, or for multiple, exemplary or punitive damages, expressly including an IRS penalty to the date of the petition on unsecured and/or priority claims, shall be paid only a pro-rata share of any funds remaining after all other unsecured claims, including late filed claims, have been paid in full.

**Q.  CLAIMS FOR POST-PETITION PENALTIES AND INTEREST:**

No interest, penalty, or additional charge shall be allowed on any pre-petition claims subsequent to the filing of the petition, unless expressly provided herein.

**R.  BUSINESS CASE OPERATING REPORTS:**

Upon the filing of the *Trustee's* 11 U.S.C. § 1302(c) Business Case Report, business *Debtors* are no longer required to file operating reports with the *Trustee*, unless the *Trustee* requests otherwise.  The filing of the *Trustee's* 11 U.S.C. § 1302(c) Business Case Report shall terminate the *Trustee's* duties but not the *Trustee's* right to investigate or monitor the *Debtor's(s')* business affairs, assets or liabilities.

**S.  NO TRUSTEE'S LIABILITY FOR DEBTOR'S POST-CONFIRMATION OPERATION AND BAR DATE FOR CLAIMS FOR PRE-CONFIRMATION OPERATIONS:**

The *Trustee* shall not be liable for any claim arising from the post-confirmation operation of the *Debtor's(s')* business.  Any claims against the *Trustee* arising from the pre-confirmation operation of the *Debtor's(s')* business must be filed with the Bankruptcy Court within sixty (60) days after entry by the Bankruptcy Court of the Order of Confirmation or be barred.

**T.  DISPOSAL OF DEBTOR'S NON-EXEMPT PROPERTY; RE-VESTING OF PROPERTY; NON-LIABILITY OF TRUSTEE FOR PROPERTY IN POSSESSION OF DEBTOR WHERE DEBTOR HAS EXCLUSIVE RIGHT TO USE, SELL, OR LEASE IT; AND TRUSTEE PAYMENTS UPON POST CONFIRMATION CONVERSION OR DISMISSAL:**

*Debtor(s)* shall not dispose of or encumber any non-exempt property or release or settle any lawsuit or claim by *Debtor(s)*, prior to discharge, without consent of the *Trustee* or order of the Court after notice to the *Trustee* and all creditors.

Case No:
Debtor(s): **James Craig Ryno**
           **Debra M. Ryno**

Property of the estate shall not vest in the *Debtor* until such time as a discharge is granted or the *Case* is dismissed or closed without discharge. Vesting shall be subject to all liens and encumbrances in existence when the *Case* was filed and all valid post-petition liens, except those liens avoided by court order or extinguished by operation of law. In the event the *Case* is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of the *Plan*, the *Trustee* shall have no further authority, fiduciary duty or liability regarding the use, sale, insurance of or refinance of property of the estate except to respond to any motion for the proposed use, sale, or refinance of such property as required by the applicable laws and/or rules. Prior to any discharge or dismissal, the *Debtor(s)* must seek approval of the court to purchase, sell, or refinance real property.

Upon dismissal of the *Case* post confirmation, the *Trustee* shall disburse all funds on hand in accordance with this *Plan*. Upon conversion of the *Case*, any balance on hand will be disbursed by the *Trustee* in accordance with applicable law.

## U. ORDER OF PAYMENT:

Unless otherwise ordered by the court, all claims and other disbursements made by the Chapter 13 *Trustee* after the entry of an order confirming the Chapter 13 Plan, whether pursuant to this *Plan* or a modification thereof, will be paid in the order set out below, to the extent a creditor's claim is allowed or the disbursement is otherwise authorized. Each numbered paragraph below is a level of payment. All disbursements which are in a specified monthly amount are referred to as "per mo." At the time of any disbursement, if there are insufficient funds on hand to pay any per mo payment in full, claimant(s) with a higher level of payment shall be paid any unpaid balance owed on a per mo payment plus the current per mo payment owed to that same claimant, in full, before any disbursement to a claimant with a lower level of payment. If multiple claimants are scheduled to receive per mo payments within the same level of payment and there are insufficient funds to make those payments in full, available funds will be disbursed to the claimants within that level on a pro-rata basis. Claimants with a higher level of payment which are designated as receiving pro-rata payments shall be paid, in full, before any disbursements are made to any claimant with a lower level of payment.

1st -- Clerk's Filing Fee and Trustee's Percentage Fee(s) and Noticing Fees in B.(1) and B.(2) and per statutory provisions will be paid in full.

2nd -- Current Post-Petition Mortgage Payments (Conduit) in D.(2) and as adjusted according to the General Order, which must be designated to be paid per mo.

3rd -- Creditors listed in E.(1)(A) and E.(2)(A), which must be designated to be paid per mo, and Domestic Support Obligations ("DSO") in B.(3), which must be designated to be paid per mo.

4th -- Attorney Fees in C, which must be designated to be paid pro-rata.

5th -- Post-Petition Mortgage Arrearage as set out in D.(3), if designated to be paid per mo.

6th -- Post-Petition Mortgage Arrearage as set out in D.(3), if designated to be paid pro-rata.

7th -- Arrearages owed on Executory Contracts and Unexpired Leases in K, which must be designated to be paid per mo.

8th -- Any Creditors listed in D.(1), if designated to be paid per mo.

9th -- Any Creditors listed in D.(1), if designated to be paid pro-rata and/or Creditors listed in E.(1)(B) or E.(2)(B), which must be designated to be paid pro-rata.

10th -- All amounts allowed pursuant to a *Notice of Fees, Expenses and Charges*, which will be paid pro-rata.

11th -- Priority Creditors Other than Domestic Support Obligations ("Priority Creditors") in H, which must be designated to be paid pro-rata.

12th -- Special Class in I, which must be designated to be paid per mo.

13th -- Unsecured Creditors in J, other than late filed or penalty claims, which must be designated to be paid pro-rata.

14th -- Late filed claims by Secured Creditors in D.(1), D.(2), D.(3), E.(1) and E.(2), which must be designated to be paid pro-rata, unless other treatment is authorized by the Court.

15th -- Late filed claims for DSO or filed by Priority Creditors in B.(3) and H, which must be designated to be paid pro-rata.

Case No:
Debtor(s):   **James Craig Ryno**
             **Debra M. Ryno**

16th -- Late filed claims by Unsecured Creditors in J, which must be designated to be paid pro-rata.

17th -- Unsecured claims for a non-pecuniary penalty, fine, or forfeiture, or for multiple, exemplary or punitive damages, expressly including an IRS penalty to the date of the petition on unsecured and/or priority claims.  These claims must be designated to be paid pro-rata.

**V.   POST-PETITION CLAIMS:**

Claims filed under § 1305 of the Bankruptcy Code shall be paid as allowed.  To the extent necessary, *Debtor(s)* will modify this *Plan.*

**W.   TRUSTEE'S RECOMMENDATION CONCERNING CLAIMS ("TRCC") PROCEDURE:**

See the provisions of the General Order regarding this procedure.

Case No:
Debtor(s):  **James Craig Ryno**
            **Debra M. Ryno**

### SECTION III
### NONSTANDARD PROVISIONS

The following nonstandard provisions, if any, constitute terms of this *Plan*.  Any nonstandard provision placed elsewhere in the *Plan* is void.

**None.**

I, the undersigned, hereby certify that the *Plan* contains no nonstandard provisions other than those set out in this final paragraph.

**/s/ Gwendolyn E. Hunt**
_____          _____
Gwendolyn E. Hunt, Debtor's(s') Attorney          Debtor (if unrepresented by an attorney)

Debtor's(s') Chapter 13 Plan (Containing a Motion for Valuation) is respectfully submitted.

**/s/ Gwendolyn E. Hunt**
_____          **18267**
Gwendolyn E. Hunt, Debtor's(s') Counsel          State Bar Number

Case No:
Debtor(s):   **James Craig Ryno**
             **Debra M. Ryno**

### CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the foregoing Debtor's(s') Chapter 13 Plan (Containing a Motion for Valuation) was served on the following entities either by Electronic Service or by First Class Mail, Postage Pre-paid on the _____**3rd day of May, 2019**_____ :

(List each party served, specifying the name and address of each party)

Dated: _____**May 3, 2019**_____         **/s/ Gwendolyn E. Hunt**
                                              Gwendolyn E. Hunt, Debtor's(s') Counsel

| | | |
|---|---|---|
| Acceptance Now<br>xxxxxxx1095<br>5501 Headquarters Dr<br>Plano, TX 75024 | Capital One Auto Finance<br>xxxxxxxxxxxxx1001<br>3905 N Dallas Pkwy<br>Plano, TX 75093 | CBS<br>xx8385<br>2001 Bryan Street, #2600<br>Dallas, TX 75201 |
| AR Resources, Inc.<br>P.O. Box 1056<br>Blue Bell, PA 19422 | CBS<br>xxx4482<br>2001 Bryan Street, #2600<br>Dallas, TX 75201 | CBS<br>xx6193<br>2001 Bryan Street, #2600<br>Dallas, TX 75201 |
| Arronrnts<br>xxxxxx3052<br>1015 Cobb Place Blvd Nw<br>Kennesaw, GA 30144 | CBS<br>xxxx-7497<br>2001 Bryan Street, #2600<br>Dallas, TX 75201 | Center for Scoliosis Advance Spine<br>x2436<br>2800 E. Broad St., #512<br>Mansfield, TX 76063 |
| Arronrnts<br>xxxxxx3187<br>1015 Cobb Place Blvd Nw<br>Kennesaw, GA 30144 | CBS<br>xxx3 723<br>2001 Bryan Street, #2600<br>Dallas, TX 75201 | Chrysler Capital<br>xxx3070<br>P.O. Box 660335<br>Dallas, TX 75266-0335 |
| Barry Bass, MD<br>312 E. Renfro, #109<br>Burleson, TX 76028 | CBS<br>xxx3349<br>2001 Bryan Street, #2600<br>Dallas, TX 75201 | Citibank/The Home Depot<br>xxxxxxxxxxxx9713<br>Attn: Recovery/Centralized Bankruptcy<br>PO Box 790034<br>St Louis, MO 63179 |
| Baylor Heart and Vascular Hospital<br>621 North Hall Street<br>Dallas, TX 75226 | CBS<br>xx4836<br>2001 Bryan Street, #2600<br>Dallas, TX 75201 | City of Weatherford<br>xx-xxx0-05-0<br>P.O. Box 255<br>Weatherford, TX 76086 |

Case No:
Debtor(s): **James Craig Ryno**
**Debra M. Ryno**

---

Comenity Bank/Lane Bryant
xxxxxxxxxxxx4619
Attn: Bankruptcy
PO Box 182125
Columbus, OH 43218

DHS
xxxx1201
P.O. Box 460036
Garland, TX 75046-0036

First Premier Bank
xxxxxxxxxxxx0699
Attn: Bankruptcy
PO Box 5524
Sioux Falls, SD 57117

Credit Management Lp
xxxx5196
4200 International Pkwy
Carrollton, TX 75007

DHS
xxxx1039
P.O. Box 460036
Garland, TX 75046-0036

First Premier Bank
xxxxxxxxxxxx1491
Attn: Bankruptcy
PO Box 5524
Sioux Falls, SD 57117

Credit Management Lp
xxxx5839
4200 International Pkwy
Carrollton, TX 75007

DHS
xxxx4545
P.O. Box 460036
Garland, TX 75046-0036

Gateway Mortgage Grp
xxxx6619
ATTN: Bankruptcy Dept.
244 S Gateway place
Jenks, OK 74037

Credit One Bank
xxxx xxxx xxxx 5415
PO Box 60500
City of Industry, CA 91716-0500

DHS
xxxxxxx1761
P.O. Box 460036
Garland, TX 75046-0036

GECRB/Care Credit
xxxxxxxxxxxx1194
Attn: bankruptcy
PO Box 103104
Roswell, GA 30076

Credit One Bank
xxxx xxxx xxxx 8885
PO Box 60500
City of Industry, CA 91716-0500

Doctors Reporting Service of TX,
xxxxxx1761
PO Box 460036
Garland, TX  75046-0036

Guardian Healthcare-Waxahachie
xxxxx6624
P.O. Box 302111
Dallas, TX 75320-2111

Credit Systems Intl In
xxxxx4538
P O Box 1088
Arlington, TX 76004

DRS
xxx9060
800 E. Campbell Rd., Suite 399
Richardson, TX 75081

Harley Davidson Financial
xxxxxxxxxx3012
Attention: Bankruptcy
PO Box 22048
Carson City, NV 89721

Credit Systems Intl In
xxxxx5620
P O Box 1088
Arlington, TX 76004

Enhanced Recovery Corp
xxxx1227
Attention: Client Services
8014 Bayberry Rd
Jacksonville, FL 32256

Harris
xxxx2132
Harris & Harris, Ltd.
111 W Jackson Blvd 400
Chicago, IL 60604

Credit Systems Intl In
xxxxx8387
P O Box 1088
Arlington, TX 76004

Enhanced Recovery Corp
xxxx9614
Attention: Client Services
8014 Bayberry Rd
Jacksonville, FL 32256

Health Texas Provider Network
xxxxx9124
PO Box 842727
Dallas, TX 75284

Case No:
Debtor(s):   **James Craig Ryno**
             **Debra M. Ryno**

---

HRRG
xxxxxxxxxx-xxxx9593
P.O. Box 8486
Coral Spring, FL 33075-8486

John C. Mallioc & Assoc.
114 N. Rogers St.
Waxahachie, TX 75165

Methodist Mansfiled Medical Ctr.
xxxxxxxx8178
4040 N. Central Exp. Way, #600
Dallas, TX 75204-3174

HSBC
xxxx xxxx 0130
PO Box 9
Buffalo, NY 14240

Laboratory Physicians Associates
xxxx-xx9789
PO Box 740968
Dallas, TX 75374-0968

Methodist Medical Group
xxxxxx8462
P.O. Box 733540
Dallas, TX 75373-3540

IC System
xxxxxxx6001
Attn: Bankruptcy
444 Highway 96 East; PO Box 64378
St. Paul, MN 55164

Laboratory Physicians Associates
xxxx-xxxxxx2216
PO Box 740968
Dallas, TX 75374-0968

Methodist Medical Group
xxxxx2739
P.O. Box 733536
Dallas, TX 75373-3536

IC System
xxxxxxx5001
Attn: Bankruptcy
444 Highway 96 East; PO Box 64378
St. Paul, MN 55164

Lawson Farms HOA
xxx1307
c/o: Principal Management Group
P.O. Box 660090
Dallas, TX 75266-0090

Midland Credit Management
xxxxx5995
P.O. Box 301030
Los Angeles, CA 90030-1030

ID Partners
4430
309 Regency Pkwy., #205
Mansfield, TX 76063-7305

Mabt - Genesis Retail
xxxxxxxxxxxx5160
Attn: Bankruptcy
PO Box 4477
Beaverton, OR 97076

Midland Credit Management
xxxxx3394
P.O. Box 301030
Los Angeles, CA 90030-1030

Integrity Solution Svc
xxxx7094
20 Corporate Hills Dr
Saint Charles, MO 63301

Mabt - Genesis Retail
xxxxxxxxxxxx5505
Attn: Bankruptcy
PO Box 4477
Beaverton, OR 97076

Midland Credit Management
xxxxx1165
P.O. Box 301030
Los Angeles, CA 90030-1030

Internal Revenue Service
xxx-xx-xxxx & xxx-xx-6469
P.O. Box 7346
Philadelphia, PA 19101-7346

Methodist Health System
4040 N. Central Expwy.,#600
Dallas, Texas 75204

Midland Funding
xxxxxx0809
8875 Aero Dr Ste 200
San Diego, CA 92123

James Craig Ryno
3201 Southshore Court
Midlothian, TX 76065

Methodist Mansfiled Medical Ctr.
xx xxxxxx9001
4040 N. Central Exp. Way, #600
Dallas, TX 75204-3174

Midland Funding
xxxxxx4936
2365 Northside Dr Ste 300
San Diego, CA 92108

Case No:
Debtor(s): **James Craig Ryno**
**Debra M. Ryno**

My Clinic
xxxxxx-xx6700
106 Plaza Dr.
Red Oak, TX 75154

Southwest Credit
xxxx3948
4120 International Pkwy., #1100
Carrollton, TX 75007-1958

Texas Physcan Resources, LLP
xxxxxx5036
P.O. Box 8776
Ft. Worth, TX 76124-0776

Okinus, Inc.
xxx xxx 4575
157 W. Rail Rd.
St. Pelham, GA 31779

Stellar Recovery
xxxx4980
1327 Highway 2 W., Suite 100
Kalispell, MT 59901-3413

Texas Physicans Resources, LLP
xxxxxx0532
P.O. Box 3495
Toledo, OH 43607

Paramount Recovery Sys
xxxxxxxxxxxxx9726
105 Deanna St
Robinson, TX 76706

Syncb/hhgreg
xxxxxxxxxxxx5149
Attn: Bankruptcy
PO Box 965060
Orlando, FL 32896

Texas Physcans Resources, LLP
xxxxxx5036
P.O. Box 8776
Ft. Worth, TX 76124

Radiology Associates of N. Texas
xxxxxxx-xxxTC-RA
P.O. Box 1723
Indianapolis, IN 46206-1723

Syncb/hhgreg
xxxxxxxxxxxx4902
Attn: Bankruptcy
PO Box 965060
Orlando, FL 32896

Texas Physicans Resources, LLP
xxxxxx9119
P.O. Box 3495
Toledo, OH 43607

RCS
xx7290
1499 W. Palm Park Rd., #140
Boca Raton, FL 33486

Synchrony Bank
xxxx xxxx xxxx 1194
P.O. Box 960061
Orlando, FL 32896-0061

Txu Electric/TXU Energy
xxxxxxxxxxxx3080
Attention: Bankruptcy
PO Box 650393
Dallas, TX 75265

RentDebt Automated Collections
xxxxx253A
Attn: Bankruptcy
2802 Opryland Dr
Nashville, TN 37214

Synerprise Consulting Services, Inc
xxxx1323
Attn: Bankruptcy
5651 Broadmoor St
Mission, KS 66202

United Revenue Corp
xxx5256
Attention: Office Manager
204 Billings St. Suite 120
Arlington, TX 76010

Rushmore Service Center
xxx2511
P.O. Box 5508
Sioux Falls, SD 57117

Tel- Check
2801 E. Interstate 20
Weatherford, TX 76087

USMD Hospital of Arlington
xxxxxxxxxx&xxxxxx1391
801 W. Interstate 20
Arlington, Texas 76017

Santander Consumer Usa
xxxxxxxxxxxx1000
8585 N Stemmons Fwy Ste 1100-n
Dallas, TX 75247

Terminix
608 Development Drive, Suite 200A
Plano, TX 75074

Verizon
xxxxxxxxxx0001
500 Technology Dr
Ste 550
Weldon Spring, MO 63304

Case No:
Debtor(s): **James Craig Ryno**
**Debra M. Ryno**

Waxahachie Family Denistry
125 Park Place Blvd.
Waxahachie, TX 75165

Western Shamrock Corporation
xxxxxxxxxZ002
Attention: Bankruptcy
801 S Abe St.   Ste, 2A
San Angelo, TX 76903

Westlake Financial Svc
xx6416
4751 Wilshire Blvd Suite 100
Los Angeles, CA 90010

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

IN RE: **James Craig Ryno** _____   CASE NO.
_____
Debtor

**Debra M. Ryno** _____   CHAPTER   **13**
_____
Joint Debtor

## CERTIFICATE OF SERVICE

_____

   I, the undersigned, hereby certify that on May 3, 2019, a copy of the attached Chapter 13 Plan, with any attachments, was served on each party in interest listed below, by placing each copy in an envelope properly addressed, postage fully prepaid in compliance with Local Rule 9013 (g).

**/s/ Gwendolyn E. Hunt** _____
Gwendolyn E. Hunt
Bar ID:18267
GWENDOLYN E. HUNT, ATTORNEY
2010 N. Hampton Rd., Ste. 400
Desoto, TX 75115
(214) 330-4465

_____

| | | |
|---|---|---|
| Acceptance Now<br>xxxxxxx1095<br>5501 Headquarters Dr<br>Plano, TX 75024 | Barry Bass, MD<br>312 E. Renfro, #109<br>Burleson, TX 76028 | CBS<br>xxxx-7497<br>2001 Bryan Street, #2600<br>Dallas, TX 75201 |
| AR Resources, Inc.<br>P.O. Box 1056<br>Blue Bell, PA 19422 | Baylor Heart and Vascular Hospital<br>621 North Hall Street<br>Dallas, TX 75226 | CBS<br>xxx3 723<br>2001 Bryan Street, #2600<br>Dallas, TX 75201 |
| Arronrnts<br>xxxxxx3052<br>1015 Cobb Place Blvd Nw<br>Kennesaw, GA 30144 | Capital One Auto Finance<br>xxxxxxxxxxxx1001<br>3905 N Dallas Pkwy<br>Plano, TX 75093 | CBS<br>xxx3349<br>2001 Bryan Street, #2600<br>Dallas, TX 75201 |
| Arronrnts<br>xxxxxx3187<br>1015 Cobb Place Blvd Nw<br>Kennesaw, GA 30144 | CBS<br>xxx4482<br>2001 Bryan Street, #2600<br>Dallas, TX 75201 | CBS<br>xx4836<br>2001 Bryan Street, #2600<br>Dallas, TX 75201 |

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

IN RE:   **James Craig Ryno** _____        CASE NO.

_Debtor_

**Debra M. Ryno** _____        CHAPTER    **13**

_Joint Debtor_

## CERTIFICATE OF SERVICE
(Continuation Sheet #1)

| | | |
|---|---|---|
| CBS<br>xx8385<br>2001 Bryan Street, #2600<br>Dallas, TX 75201 | Credit Management Lp<br>xxxx5196<br>4200 International Pkwy<br>Carrollton, TX 75007 | DHS<br>xxxx1201<br>P.O. Box 460036<br>Garland, TX 75046-0036 |
| CBS<br>xx6193<br>2001 Bryan Street, #2600<br>Dallas, TX 75201 | Credit Management Lp<br>xxxx5839<br>4200 International Pkwy<br>Carrollton, TX 75007 | DHS<br>xxxx1039<br>P.O. Box 460036<br>Garland, TX 75046-0036 |
| Center for Scoliosis Advance Spine<br>x2436<br>2800 E. Broad St., #512<br>Mansfield, TX 76063 | Credit One Bank<br>xxxx xxxx xxxx 5415<br>PO Box 60500<br>City of Industry, CA 91716-0500 | DHS<br>xxxx4545<br>P.O. Box 460036<br>Garland, TX 75046-0036 |
| Chrysler Capital<br>xxx3070<br>P.O. Box 660335<br>Dallas, TX 75266-0335 | Credit One Bank<br>xxxx xxxx xxxx 8885<br>PO Box 60500<br>City of Industry, CA 91716-0500 | DHS<br>xxxxxxx1761<br>P.O. Box 460036<br>Garland, TX 75046-0036 |
| Citibank/The Home Depot<br>xxxxxxxxxxxx9713<br>Attn: Recovery/Centralized Bankruptcy<br>PO Box 790034<br>St Louis, MO 63179 | Credit Systems Intl In<br>xxxxx4538<br>P O Box 1088<br>Arlington, TX 76004 | Doctors Reporting Service of TX,<br>xxxxxx1761<br>PO Box 460036<br>Garland, TX  75046-0036 |
| City of Weatherford<br>xx-xxx0-05-0<br>P.O. Box 255<br>Weatherford, TX 76086 | Credit Systems Intl In<br>xxxxx5620<br>P O Box 1088<br>Arlington, TX 76004 | DRS<br>xxx9060<br>800 E. Campbell Rd., Suite 399<br>Richardson, TX 75081 |
| Comenity Bank/Lane Bryant<br>xxxxxxxxxxxx4619<br>Attn: Bankruptcy<br>PO Box 182125<br>Columbus, OH 43218 | Credit Systems Intl In<br>xxxxx8387<br>P O Box 1088<br>Arlington, TX 76004 | Enhanced Recovery Corp<br>xxxx1227<br>Attention: Client Services<br>8014 Bayberry Rd<br>Jacksonville, FL 32256 |

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

IN RE: **James Craig Ryno** _____     CASE NO.
Debtor

**Debra M. Ryno** _____     CHAPTER     **13**
Joint Debtor

## CERTIFICATE OF SERVICE
### (Continuation Sheet #2)

| | | |
|---|---|---|
| Enhanced Recovery Corp<br>xxxx9614<br>Attention: Client Services<br>8014 Bayberry Rd<br>Jacksonville, FL 32256 | Harris<br>xxxx2132<br>Harris & Harris, Ltd.<br>111 W Jackson Blvd 400<br>Chicago, IL 60604 | Integrity Solution Svc<br>xxxx7094<br>20 Corporate Hills Dr<br>Saint Charles, MO 63301 |
| First Premier Bank<br>xxxxxxxxxxxx0699<br>Attn: Bankruptcy<br>PO Box 5524<br>Sioux Falls, SD 57117 | Health Texas Provider Network<br>xxxxx9124<br>PO Box 842727<br>Dallas, TX 75284 | Internal Revenue Service<br>xxx-xx-xxxx & xxx-xx-6469<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 |
| First Premier Bank<br>xxxxxxxxxxxx1491<br>Attn: Bankruptcy<br>PO Box 5524<br>Sioux Falls, SD 57117 | HRRG<br>xxxxxxxxxx-xxxx9593<br>P.O. Box 8486<br>Coral Spring, FL 33075-8486 | James Craig Ryno<br>3201 Southshore Court<br>Midlothian, TX 76065 |
| Gateway Mortgage Grp<br>xxxx6619<br>ATTN: Bankruptcy Dept.<br>244 S Gateway place<br>Jenks, OK 74037 | HSBC<br>xxxx xxxx 0130<br>PO Box 9<br>Buffalo, NY 14240 | John C. Malloc & Assoc.<br>114 N. Rogers St.<br>Waxahachie, TX 75165 |
| GECRB/Care Credit<br>xxxxxxxxxxxx1194<br>Attn: bankruptcy<br>PO Box 103104<br>Roswell, GA 30076 | IC System<br>xxxxxxx6001<br>Attn: Bankruptcy<br>444 Highway 96 East; PO Box 64378<br>St. Paul, MN 55164 | Laboratory Physicians Associates<br>xxxx-xx9789<br>PO Box 740968<br>Dallas, TX 75374-0968 |
| Guardian Healthcare-Waxahachie<br>xxxxx6624<br>P.O. Box 302111<br>Dallas, TX 75320-2111 | IC System<br>xxxxxxx5001<br>Attn: Bankruptcy<br>444 Highway 96 East; PO Box 64378<br>St. Paul, MN 55164 | Laboratory Physicians Associates<br>xxxx-xxxxx2216<br>PO Box 740968<br>Dallas, TX 75374-0968 |
| Harley Davidson Financial<br>xxxxxxxxxx3012<br>Attention: Bankruptcy<br>PO Box 22048<br>Carson City, NV 89721 | ID Partners<br>4430<br>309 Regency Pkwy., #205<br>Mansfield, TX 76063-7305 | Lawson Farms HOA<br>xxx1307<br>c/o: Principal Management Group<br>P.O. Box 660090<br>Dallas, TX 75266-0090 |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

IN RE:  **James Craig Ryno** _____    CASE NO.
_____
                    *Debtor*

**Debra M. Ryno** _____    CHAPTER    **13**
_____
                 *Joint Debtor*

## CERTIFICATE OF SERVICE
(Continuation Sheet #3)

---

Mabt - Genesis Retail
xxxxxxxxxxxx5160
Attn: Bankruptcy
PO Box 4477
Beaverton, OR 97076

Midland Credit Management
xxxxx5995
P.O. Box 301030
Los Angeles, CA 90030-1030

Paramount Recovery Sys
xxxxxxxxxxxx9726
105 Deanna St
Robinson, TX 76706

Mabt - Genesis Retail
xxxxxxxxxxxx5505
Attn: Bankruptcy
PO Box 4477
Beaverton, OR 97076

Midland Credit Management
xxxxx3394
P.O. Box 301030
Los Angeles, CA 90030-1030

Radiology Associates of N. Texas
xxxxxxx-xxxTC-RA
P.O. Box 1723
Indianapolis, IN 46206-1723

Methodist Health System
4040 N. Central Expwy.,#600
Dallas, Texas 75204

Midland Credit Management
xxxxx1165
P.O. Box 301030
Los Angeles, CA 90030-1030

RCS
xx7290
1499 W. Palm Park Rd., #140
Boca Raton, FL 33486

Methodist Mansfiled Medical Ctr.
xx xxxxxx9001
4040 N. Central Exp. Way, #600
Dallas, TX 75204-3174

Midland Funding
xxxxxx0809
8875 Aero Dr Ste 200
San Diego, CA 92123

RentDebt Automated Collections
xxxxx253A
Attn: Bankruptcy
2802 Opryland Dr
Nashville, TN 37214

Methodist Mansfiled Medical Ctr.
xxxxxxx8178
4040 N. Central Exp. Way, #600
Dallas, TX 75204-3174

Midland Funding
xxxxxx4936
2365 Northside Dr Ste 300
San Diego, CA 92108

Rushmore Service Center
xxx2511
P.O. Box  5508
Sioux Falls, SD 57117

Methodist Medical Group
xxxxxx8462
P.O. Box 733540
Dallas, TX 75373-3540

My Clinic
xxxxxx-xx6700
106 Plaza Dr.
Red Oak, TX 75154

Santander Consumer Usa
xxxxxxxxxxxxxx1000
8585 N Stemmons Fwy Ste 1100-n
Dallas, TX 75247

Methodist Medical Group
xxxxx2739
P.O. Box 733536
Dallas, TX 75373-3536

Okinus, Inc.
xxx xxx 4575
157 W. Rail Rd.
St. Pelham, GA 31779

Southwest Credit
xxxx3948
4120 International Pkwy., #1100
Carrollton, TX  75007-1958

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

IN RE:   **James Craig Ryno** _____   CASE NO.
                              _Debtor_

         **Debra M. Ryno** _____   CHAPTER   **13**
                              _Joint Debtor_

**CERTIFICATE OF SERVICE**
(Continuation Sheet #4)

Stellar Recovery
xxxx4980
1327 Highway 2 W., Suite 100
Kalispell, MT 59901-3413

Syncb/hhgreg
xxxxxxxxxxxx5149
Attn: Bankruptcy
PO Box 965060
Orlando, FL 32896

Syncb/hhgreg
xxxxxxxxxxxx4902
Attn: Bankruptcy
PO Box 965060
Orlando, FL 32896

Synchrony Bank
xxxx xxxx xxxx 1194
P.O. Box 960061
Orlando, FL 32896-0061

Synerprise Consulting Services, Inc
xxxx1323
Attn: Bankruptcy
5651 Broadmoor St
Mission, KS 66202

Tel- Check
2801 E. Interstate 20
Weatherford, TX 76087

Terminix
608 Development Drive, Suite 200A
Plano, TX 75074

Texas Physican Resources, LLP
xxxxxx5036
P.O. Box 8776
Ft. Worth, TX 76124-0776

Texas Physicans Resources, LLP
xxxxxx0532
P.O. Box 3495
Toledo, OH 43607

Texas Physicans Resources, LLP
xxxxxx5036
P.O. Box 8776
Ft. Worth, TX 76124

Texas Physicans Resources, LLP
xxxxxx9119
P.O. Box 3495
Toledo, OH 43607

Txu Electric/TXU Energy
xxxxxxxxxxxx3080
Attention: Bankruptcy
PO Box 650393
Dallas, TX 75265

United Revenue Corp
xxx5256
Attention:  Office Manager
204 Billings St. Suite 120
Arlington, TX 76010

USMD Hospital of Arlington
xxxxxxxxxx&xxxxxx1391
801 W. Interstate 20
Arlington, Texas  76017

Verizon
xxxxxxxxxx0001
500 Technology Dr
Ste 550
Weldon Spring, MO 63304

Waxahachie Family Denistry
125 Park Place Blvd.
Waxahachie, TX 75165

Western Shamrock Corporation
xxxxxxxxxZ002
Attention:  Bankruptcy
801 S Abe St.  Ste, 2A
San Angelo, TX 76903

Westlake Financial Svc
xx6416
4751 Wilshire Blvd Suite 100
Los Angeles, CA 90010